[No. 23779-6-III.    Division Three.    February 5, 2009.]

RICARDO CHAVEZ, *as Guardian, Respondent*, v. ESTATE OF JUANA CHAVEZ, *Appellant*.

*Scott A. Bruns*, for appellant.

*James J. Dore* and *James J. Dore, Jr.* (of *Dore & Dore*), for respondent.

¶1 SWEENEY, J. — This case comes back to us on remand from our Supreme Court to reconsider our original opinion in light of *Colbert v. Moomba Sports, Inc.*[1] The question in *Colbert* was whether a father, who arrived at the scene of his daughter's death after the fact, had a cause of action for negligent infliction of emotional distress. The court there concluded that he did not. The question here is different. The question here is whether the children have a cause of action for negligent infliction of emotional distress when they did not actually see their dying or dead mother, although they were in the car at the time of the accident that caused her death. We read *Colbert* to require that the children not only experience the crash but also have a sensory experience of " 'the crushed body, the bleeding, the cries of pain, and, in some cases, the dying words.' " *Colbert*, 163 Wn.2d at 54 (emphasis omitted) (internal quotation marks omitted) (quoting *Hegel v. McMahon*, 136 Wn.2d 122, 130, 960 P.2d 424 (1998)). We reverse our earlier decision[2] to the contrary and the trial court's order granting a new trial.

## FACTS

¶2 In December 1993, Ricardo and Juana Chavez, their four children (the appellants), and another passenger were traveling in the Chavezes' van from Washington to Mexico for the holidays.

¶3 Ms. Chavez rolled the van as she was driving in the early morning of December 8. She was ejected from the van and died at the scene of the accident. Mr. Chavez was the only member of the family to see Ms. Chavez shortly after the accident. He did not let the children see her. He simply told the children that their mother had died. The children next saw their mother at her funeral.

¶4 The Chavez children sued the estate of Juana Chavez for negligence and negligent infliction of emotional distress.

---

[1] 163 Wn.2d 43, 55, 176 P.3d 497 (2008).

[2] *Chavez v. Estate of Chavez*, noted at 138 Wn. App. 1053 (2007).

A jury returned a verdict for the estate. The Chavez children then moved for judgment notwithstanding the verdict or for a new trial. The trial court granted the motion, entered a directed verdict against the estate on the issue of liability, and ordered a new trial on the sole issue of damages.

¶5 The estate appealed the trial court's order. We affirmed the order in an unpublished opinion, filed May 29, 2007. *Chavez v. Estate of Chavez*, noted at 138 Wn. App. 1053 (2007).

¶6 The estate then petitioned the Supreme Court for review. They granted the petition and remanded this case to us for reconsideration in light of *Colbert*, 163 Wn.2d 43. *Chaves v. Estate of Chavez*, 163 Wn.2d 1022 (2008).

## DISCUSSION

¶7 The question before us is whether the Supreme Court's decision in *Colbert* allows the Chavez children to recover for negligent infliction of emotional distress when they did not personally observe their mother's injuries, suffering, or death.

¶8 In *Colbert*, "Jay Colbert's daughter, Denise Colbert, drowned [in a lake] after inhaling carbon monoxide fumes while hanging onto a [friend's] motorboat as it was moving." *Colbert*, 163 Wn.2d at 45. Denise's boyfriend called Mr. Colbert, who drove to the lake and watched rescuers search for his daughter. *Id.* at 46. From a dock about 100 yards away, Mr. Colbert saw rescuers pull Denise's body over the side of a boat by her arm. *Id.* at 47. He then "watched the police bring a stretcher, put a sheet over Denise's body, and take her away." *Id.*

¶9 Mr. Colbert sued the boat's manufacturer and asserted several causes of action, including negligent infliction of emotional distress. *Id.* at 45. The trial court dismissed the claim on summary judgment. *Id.* The Court of Appeals and the Supreme Court affirmed the judgment. *Id.*

¶10 The Supreme Court concluded that "in Washington a cause of action for negligent infliction of emotional distress is recognized 'where a plaintiff witnesses the victim's injuries at the scene of an accident shortly after it occurs and before there is a material change in the attendant circumstances.' " *Id.* at 55 (quoting *Hegel*, 136 Wn.2d at 132). A plaintiff must have a sensory experience of the victim's pain and suffering, i.e., the plaintiff must see or hear the victim's suffering. *Id.* at 56. A plaintiff cannot recover for negligent infliction of emotional distress if he or she did not see the "bleeding or [hear] other symptoms of injury, the victim's cries of pain, and, in some cases, the victim's dying words." *Id.* at 55.

¶11 The court reasoned that the emotional distress caused by witnessing another's pain and suffering is not the same as the emotional distress that arises when a person learns of the victim's suffering "from others who were present, but does not personally see the injuries or the aftermath of the accident before there is a material change." *Id.* at 55-56.

¶12 The Supreme Court concluded that Mr. Colbert was not a foreseeable plaintiff and, therefore, not entitled to damages for negligent infliction of emotional distress because "he did not observe his daughter's suffering or her condition while she was drowning." *Id.* at 57. Said differently, he could not recover damages because he did not witness his daughter's injuries or death. *Id.*

¶13 The estate of Juana Chavez contends that the material facts in this case are analogous to those in *Colbert* and, therefore, the result should be the same. The estate maintains that, like Mr. Colbert, the Chavez children did not witness their mother's injuries, suffering, or death, a requirement to recover damages for negligent infliction of emotional distress.

¶14 The Chavez children concede that they did not see their mother suffer or die. They contend, however, that they directly witnessed and experienced the accident and, shortly afterwards, learned that their mother was missing

or dead. The children maintain that experiencing the accident and observing the scene of the accident is enough to establish a claim for negligent infliction of emotional distress.

¶15 The *Colbert* court, however, seems to hold that a plaintiff who alleges negligent infliction of emotional distress must personally witness the victim's suffering or death. *Id.* at 55, 56. A plaintiff who does *not* personally witness a victim's suffering or death *cannot* prevail on a claim for negligent infliction of emotional distress. *Id.* at 55.

¶16 The pertinent facts here are analogous to those in *Colbert*. Like Mr. Colbert, the Chavez children did not personally witness their mother's injuries or hear her suffer or cry out. Only Mr. Chavez, who is not a plaintiff here, witnessed his wife's injuries and death. He then told his children that their mother had died. The Chavez children, therefore, cannot recover for negligent infliction of emotional distress because they did not have an "actual sensory experience of the pain and suffering of" their mother. *Id.* at 56.

¶17 The grief that the children suffered after learning that their mother had died is not the same as the trauma they would have suffered had they seen their mother's injuries or heard her cries of pain or dying words, according to the *Colbert* opinion. *See id.* at 55. Only the trauma that stems from that sensory experience gives rise to a cause of action for negligent infliction of emotional distress. *See id.* at 50.

¶18 We reverse our earlier decision in this case, noted at 138 Wn. App. 1053. And we reverse the trial court's order granting a new trial.

Kulik, A.C.J., and Korsmo, J., concur.